| | | |
|---|---|---|
| MICHAEL ZAMPIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-290 |
| | ) | (VARLAN/GUYTON) |
| RACHEL ZAMPIERI and | ) | |
| KATHLEEN ZAMPIERI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

This civil action is before the Court on Plaintiff's Motion to Strike [Doc. 6] and Memorandum of Law in Support of Motion to Strike [Doc. 7]. Defendant Kathleen Zampieri has filed a Response to Plaintiff and Counter-Defendant Michael Zampieri's 12(f) Motion to Strike [Doc. 8].[1] Plaintiff has filed a Reply to Defendant Kathleen Zampieri's Response to Plaintiff's Motion to Strike [Doc. 9]. The motion to strike is now ripe for the Court's consideration.

**I.     Background**

Litigation in several other courts precedes the instant action. Rachel Zampieri filed a complaint against her father, Michael Zampieri, in the Circuit Court of Mobile County, Alabama on November 22, 2006 alleging invasion of privacy, wantonness, assault, and

---

[1]In her response, defendant Kathleen Zampieri refers to herself as "defendant and counter-plaintiff" and to plaintiff as "plaintiff and counter-defendant." For simplicity's sake, the Court refers in this Memorandum Opinion & Order to defendants as defendants only and to plaintiff as plaintiff only.

infliction of emotional distress [Doc. 8-1]. Michael Zampieri then filed a complaint against Kathleen Zampieri, his ex-wife, and Rachel Zampieri in the Circuit Court for Jefferson County, Tennessee on September 7, 2007 alleging extortion, abuse of process, and civil conspiracy [Doc. 8-5]. Michael Zampieri next filed a complaint against Rachel Zampieri in the District Court of Clark County, Nevada on May 8, 2008 alleging unlawful interception of wire communication, and disclosure of existence, content or substance of wire communication [Doc. 8-6]. Finally, Michael Zampieri filed a complaint against Kathleen Zampieri and Rachel Zampieri in this Court on July 14, 2008, alleging extortion, abuse of process, and civil conspiracy [Doc. 1].

In defendant Kathleen Zampieri's answer to the complaint [Doc. 4], she raised ten affirmative defenses[2] and one counterclaim.[3] Plaintiff then moved to strike paragraphs 25-28 and 30-36 from defendant Kathleen Zampieri's answer pursuant to Federal Rule of Civil Procedure 12(f), on the grounds that the affirmative defenses alleged are insufficient as a matter of law and that the remaining allegations are immaterial, impertinent, scandalous, and calculated unduly to prejudice the jury against him [Doc. 6].

---

[2]These include, exhaustively: failure to state a claim upon which relief can be granted; waiver; estoppel; harassment/lack of reasonable grounds; the doctrine of unclean hands; exclusion of punitive or exemplary damages under due process; contributory negligence; lack of willful misconduct or gross negligence on the part of the defendant; bad faith; and justification.

[3]Defendant raised the counterclaim of abuse of process.

2

The contested provisions of Kathleen Zampieri's answer are reproduced below (reflecting the numbering in the answer):

25. **SECOND AFFIRMATIVE DEFENSE**: The claims of the Plaintiff have been waived as a result of the acts and conduct of the Plaintiff.

26. **THIRD AFFIRMATIVE DEFENSE**: Plaintiff is estopped from asserting the claims herein as a result of the conduct of the Plaintiff.

27. **FOURTH AFFIRMATIVE DEFENSE**: Plaintiff's claims are brought without reasonable grounds or to harass Defendant.

28. **FIFTH AFFIRMATIVE DEFENSE**: Defendant contends that Plaintiff is barred from recovery by the Doctrine of Unclean Hands.

30. **SEVENTH AFFIRMATIVE DEFENSE**: The incidents alleged in Plaintiff's Complaint, and the resulting damage, if any, to Plaintiff, were proximately caused or contributed to by Plaintiff's own conduct or negligence.

31. **EIGHTH AFFIRMATIVE DEFENSE**: Defendant alleges that the injuries complained of in the Complaint, if any, were not the result of willful misconduct or gross negligence on the part of Defendant.

32. **NINTH AFFIRMATIVE DEFENSE**: Plaintiff's claims are barred by Plaintiff's bad faith in bringing this action, including but not limited to, Plaintiff's wrongful conduct.

33. **TENTH AFFIRMATIVE DEFENSE**: If any alleged actions or omissions transpired, they were with justification.

34. The plaintiff is an incurable pedophile who has a long history of sexual abuse of children.

35. On September 7, 2007, the counter-defendant manipulated state court process by suing this counter-plaintiff in Tennessee state court, (EXHIBIT ONE, state court complaint), for the wrongful collateral purpose of retribution . . . based upon his perception that such a suit would help him avoid imprisonment for sexual abuse of children (citations omitted).

> 36. The plaintiff/counter-defendant Michael Zampieri manipulated federal court process in this matter by suing this defendant for the wrongful collateral purpose of retribution . . . based upon his perception that such a suit would help him avoid imprisonment for sexual abuse of children (citations omitted).

Kathleen Zampieri argues that her affirmative defenses and counterclaim "simply respond to the claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff replies that Kathleen Zampieri's response "offers only vagueness and unsupported speculation in support of her defenses and counterclaim that do nothing but attempt to prejudice [p]laintiff" [Doc. 9].

The Court has carefully considered the pending motion, memorandum, response, reply, and pleadings in light of the applicable law. For the reasons set forth herein, plaintiff's motion to strike will be denied.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or upon the motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It is well settled that motions to strike are disfavored and should be granted only when "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (2d ed. 1990). Striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice," and it "should be

4

sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike should be granted "only when the pleading to be striken [*sic*] has no possible relation to the controversy." *Id.* Mindful of these principles, the Court proceeds cautiously in reviewing a motion to strike.

When a federal court exercises diversity jurisdiction, it is axiomatic that the court apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court thus applies the substantive law of Tennessee in resolving the merits of this case.

## III.  Analysis

Plaintiff has moved to strike eight of Kathleen Zampieri's affirmative defenses and her counterclaim. The Court addresses each issue category in turn.

### A.  Affirmative Defenses

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but "a [party's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* A pleading "must contain either direct or inferential

5

allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

Tennessee requires that parties raising affirmative defenses do so in their pleadings. Tennessee Rule of Civil Procedure 8.03 provides that, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . an affirmative defense." Tenn. R. Civ. P. 8.03.

The Court considers each of the contested affirmative defenses below.

1. **Second Affirmative Defense: Waiver**

In her second affirmative defense, Kathleen Zampieri asserts that "[t]he claims of the [p]laintiff have been waived as a result of the acts and conduct of the [p]laintiff" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

While Kathleen Zampieri's statement of her affirmative defense is admittedly sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that a waiver defense will not succeed under any circumstances, or that it has no possible relationship to the present controversy. Nor is there any indication that the assertion of this

6

defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's second affirmative defense.

    **2.    Third Affirmative Defense: Estoppel**

In her third affirmative defense, Kathleen Zampieri asserts that "[p]laintiff is estopped from asserting the claims herein as a result of the conduct of the [p]laintiff" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

While Kathleen Zampieri's statement of this affirmative defense is also sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that an estoppel defense will not succeed under any circumstances, or that it has no possible relationship to the present controversy. Nor is there any indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's third affirmative defense.

    **3.    Fourth Affirmative Defense: Lack of Reasonable Grounds/Harassment**

In her fourth affirmative defense, Kathleen Zampieri asserts that "[p]laintiff's claims are brought without reasonable grounds or to harass [d]efendant" [Doc. 4]. Plaintiff argues

7

that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

Again, while Kathleen Zampieri's statement of this affirmative defense is sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that a "reasonable grounds" or harassment defense will not succeed under any circumstances, or that it has no possible relationship to the present controversy. Nor is there any indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's fourth affirmative defense.

### 4. Fifth Affirmative Defense: Doctrine of Unclean Hands

In her fifth affirmative defense, Kathleen Zampieri asserts that "[p]laintiff is barred from recovery by the Doctrine of Unclean Hands" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any

8

conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

Once again, while Kathleen Zampieri's statement of her affirmative defense is sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that an unclean hands defense will not succeed under any circumstances, or that it has no possible relationship to the present controversy. Nor is there any indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's fifth affirmative defense.

### 5. Seventh Affirmative Defense: Contributory Negligence

In her seventh affirmative defense, Kathleen Zampieri asserts that "[t]he incidents alleged in [p]laintiff's Complaint, and the resulting damage, if any, to [p]laintiff, were proximately caused or contributed to by [p]laintiff's own conduct or negligence" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. Plaintiff further contends that "there is simply no way that [p]laintiff could have engaged in any acts of extortion, abuse of process, and civil conspiracy [the three claims he raises in his complaint] against himself" [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

9

Again, while Kathleen Zampieri's statement of this affirmative defense is sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that a contributory negligence defense will not succeed under any circumstances, or that it has no possible relationship to the present controversy. Nor is there any indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's seventh affirmative defense.

**6.     Eighth Affirmative Defense: Lack of Willful Misconduct/Gross Negligence**

In her eighth affirmative defense, Kathleen Zampieri asserts that "the injuries complained of in the Complaint, if any, were not the result of willful misconduct or gross negligence on the part of [d]efendant" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

While Kathleen Zampieri's statement of her affirmative defense is sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that a lack of willful misconduct or gross negligence defense will not succeed under any

10

circumstances, or that it has no possible relationship to the present controversy.[4] Nor is there any indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's eighth affirmative defense.

### 7. Ninth Affirmative Defense: Bad Faith

In her ninth affirmative defense, Kathleen Zampieri asserts that "[p]laintiff's claims are barred by [p]laintiff's bad faith in bringing this action, including but not limited to, [p]laintiff's wrongful conduct" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

While Kathleen Zampieri's statement of this affirmative defense is sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that a bad faith defense will not succeed under any circumstances, or that it has no possible

---

[4] Plaintiff's argument that Kathleen Zampieri cannot prevail on this defense because "acts of extortion, abuse of process, and civil conspiracy are by their very nature intentional and willful" is misplaced [Doc. 7]. As plaintiff correctly notes in his complaint, he must prove intent in order to prevail on his claims [Doc. 1]. While it may not be necessary for Kathleen Zampieri to raise a lack of intent defense affirmatively, given that the burden lies upon plaintiff to prove intent, it is not improper for her to do so. *See Whitaker v. Harmon*, 879 S.W.2d 865, 869-70 (Tenn. Ct. App. 1994) (not necessary for party to raise affirmative defenses of "sudden emergency" and "unavoidable accident" because defenses simply deny accident at issue was caused by any accident or omission of the defendant).

11

relationship to the present controversy. Nor is there any indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's ninth affirmative defense.

    **8.    Tenth Affirmative Defense: Justification**

In her tenth affirmative defense, Kathleen Zampieri asserts that "[i]f any alleged actions or omissions transpired, they were with justification" [Doc. 4]. Plaintiff argues that Kathleen Zampieri has failed to specify what acts, conduct, or behavior of his supports this defense [Doc. 7]. Consequently, he argues that she has failed to put him on fair notice of the claim and of the grounds upon which it rests [Doc. 7]. Plaintiff further contends that there is no precedent to support a "justification" defense for any of the claims in the complaint, and that the defense is insufficient as a matter of law [Doc. 7]. In her response, Kathleen Zampieri explains that this affirmative defense "simply respond[s] to [Mr. Zampieri's] claim that there was any conspiracy to extort" [Doc. 8]. Plaintiff counters in his reply that, in her response, Kathleen Zampieri again "fails to allege any facts in support of her defense[] at all" [Doc. 9].

While Kathleen Zampieri's statement of this defense also is sparse, particularly in terms of providing factual notice of the basis of her defense, the Court cannot say that a justification defense will not succeed under any circumstances, or that it has no possible relationship to the present controversy. Nor is plaintiff correct in asserting that

12

"justification" cannot serve as a valid defense.[5] Finally, there is no indication that the assertion of this defense will prejudice plaintiff. Accordingly, the Court denies plaintiff's motion to strike Kathleen Zampieri's tenth affirmative defense.

For all of the reasons above, this Court denies plaintiff's motion to strike Kathleen Zampieri's affirmative defenses.

**B.      Counterclaim**

Plaintiff Zampieri also moved to strike Kathleen Zampieri's counterclaim. Kathleen Zampieri included one counterclaim, abuse of process, in her answer [Doc. 4]. She offered the following arguments in support of this claim:

> 34. The plaintiff is an incurable pedophile who has a long history of sexual abuse of children.
>
> 35. On September 7, 2007, the counter-defendant manipulated state court process by suing this counter-plaintiff in Tennessee state court, (EXHIBIT ONE, state court complaint), for the wrongful collateral purpose of retribution . . . based upon his perception that such a suit would help him avoid imprisonment for sexual abuse of children (citations omitted).
>
> 36. The plaintiff/counter-defendant Michael Zampieri manipulated federal court process in this matter by suing this defendant for the wrongful collateral purpose of retribution . . . based upon his perception that such a suit would help him avoid imprisonment for sexual abuse of children (citations omitted).

[Doc. 4]. Plaintiff argues that these paragraphs should be stricken from Kathleen Zampieri's answer because they are "immaterial, impertinent, scandalous, and prejudicial to [p]laintiff"

---

[5] *See* 3 Tenn. Prac. R. Civ. P. Ann. AC § 8:6 (2009) ("Potential affirmative defenses that are not listed in Tenn. R. Civ. P. 8.03 include . . . justification . . . .").

13

[Doc. 7]. Plaintiff further contends that Kathleen Zampieri's abuse of process claim cannot be sustained as a matter of law, because seeking avoidance of a lawsuit for sexual abuse of children cannot constitute a valid "ulterior motive" under relevant law [Doc. 7].

In her response, Kathleen Zampieri explains that her counterclaim "simply respond[s] to the claim that there was any conspiracy to extort" [Doc. 8], and cites plaintiff's "nationwide outburst of lawsuits" as a "credible basis" for Kathleen Zampieri's claim that the lawsuit filed against her in this Court was in retribution for the filing of the action against plaintiff in Alabama [Doc. 8]. In his reply, plaintiff again alleges that Kathleen Zampieri's counterclaim is insupportable and should be stricken as irrelevant and prejudicial [Doc. 9].

Contrary to plaintiff's assertions, the paragraphs of Kathleen Zampieri's answer setting forth her counterclaim for abuse of process are not "immaterial, impertinent, scandalous, [or] prejudicial" to the plaintiff. To the contrary, the allegations in these paragraphs go to the core of the dispute between the parties, reflected in part by the fact that plaintiff raised an abuse of process claim of his own in his original complaint [*see* Doc. 1]. While plaintiff may find allegations of pedophilia to be scandalous or prejudicial to his case, they cannot be considered to have "no possible relation to the controversy," *see Brown*, 201 F.2d at 822, as again they underlie many of the issues raised in the complaint plaintiff has filed with this Court [*see* Doc. 1].

Nor can the Court dismiss Kathleen Zampieri's counterclaim as a matter of law. To recover on an abuse of process claim in Tennessee, a plaintiff must establish (1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper

14

in the regular prosecution of the charge. *Givens v. Mullikin*, 75 S.W.3d 383, 400-01 (Tenn. 2002). As noted *supra*, plaintiff contends that avoidance of a lawsuit for sexual abuse of children cannot constitute a valid "ulterior motive" for the purposes of this claim. While Kathleen Zampieri's counterclaim does conflate "retribution" with avoiding a lawsuit for sexual abuse of children, it nevertheless, in identifying retribution as a purpose of the instant lawsuit, sets forth a potentially valid ulterior motive under Tennessee law. As such, this Court cannot dismiss Kathleen Zampieri's counterclaim as a matter of law.

Accordingly, this Court denies plaintiff's motion to strike Kathleen Zampieri's counterclaim.

### IV. Conclusion

For all of the reasons just given, the Court denies plaintiff's motion to strike. Additionally, the Court notes that the legal sufficiency of Kathleen Zampieri's affirmative defenses and the counterclaim may be more appropriately dealt with in the context of a dispositive motion or a motion in limine. Contrary to plaintiff's assertions, permitting these affirmative defenses and the counterclaim to remain in Kathleen Zampieri's answer will not unduly prejudice him. As with any contention in a lawsuit, the allegations must be proven by admissible evidence at trial.

Accordingly, plaintiff's motion to strike [Doc. 6] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE